**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:04CV51**
**(1:01CR48-10)**

| | | |
|---|---|---|
| **DENNIS MERRIMON WATERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

      **THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence filed March 24, 2004, and supplements thereto filed October 5, 2004, January 27, 2005, and March 23, 2005.  No response is necessary from the Government.

      A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

Petitioner and ten co-Defendants were charged in a one-count superseding bill of indictment with conspiracy to possess with intent to distribute cocaine base. **Superseding Bill of Indictment, filed August 6, 2001.** The Petitioner was convicted after a jury trial. **Verdict Sheet, filed November 14, 2001.** On October 1, 2002, the undersigned sentenced the Petitioner to life imprisonment. **Judgment in a Criminal Case, filed October 17, 2002.** The Petitioner appealed his conviction and sentence and same were affirmed by the Fourth Circuit. ***United States v. Pryor*, 75 Fed. Appx. 157 (4th Cir. 2003).**

The Petitioner sets forth numerous grounds why his conviction should be vacated, most of which involve various allegations of ineffective assistance of counsel by his attorney, Gregory A. Newman. After review of the Petitioner's motion and supplements thereto, the Court found it necessary to request Mr. Newman to respond to those allegations which pertain to his representation of the Petitioner. He has now done so by Affidavit filed July 19, 2005, and the motion is ripe for disposition.

Petitioner first contends that Mr. Newman had a conflict of interest by reason of his prior representation of one James Newborn. However, Newborn's name never appeared as a prospective witness listed by the Drug Enforcement Administration; he never testified as a Government witness in Petitioner's trial; and to the knowledge of Mr. Newman, was never directly involved in the events leading to the prosecution of the Petitioner. As Mr. Newman observed: "Had I identified any conflict of interest that would have interfered with the Petitioner's rights in any way, or to any degree, then I would have withdrawn from the case."

**Affidavit of Attorney Gregory A. Newman, filed July 19, 2005, ¶ 1.** The Petitioner offers

only conjecture to support his assertion of conflict of interest. The Court, therefore, concludes

that Petitioner's claim of attorney conflict of interest is meritless. He has failed to show an actual

conflict of interest or an adverse effect on his case. Mere suggestion is inadequate. ***Mickens v.***

***Taylor*, 240 F.3d 348 (4ᵗʰ Cir. 2001).**

Petitioner next contends that he was convicted on the same facts that formed the basis of

prior state convictions on alleged state crimes for which he was never indicted. This contention

was addressed on direct appeal.

> Waters claims that his conviction violated the Double Jeopardy Clause because it
> was based on the same factual basis as a prior state court conviction. There is no
> prohibition against subsequent prosecution in federal court following prosecution
> by a state sovereign. Accordingly, we deny relief on this claim.

***Pryor*, 75 Fed. Appx. at 160.**

Petitioner further contends that he was a victim of a warrantless search of his person after

an officer contended he smelled marijuana. Smelling of marijuana about the person of Petitioner

would give an alert officer ample reason to search Petitioner for possession of the alleged drug.

***United States v. Humphries*, 372 F.3d 653 (4ᵗʰ Cir. 2004).**

Petitioner next contends that he was compelled to testify against himself on advice of

counsel because counsel told him the Government wanted to know where he obtained the drugs.

Mr. Newman specifically addressed this contention in his affidavit.

> The Petitioner has stated that I, as trial counsel, somehow forced him to take the
> witness stand to testify in his own defense. The opposite is true. The Petitioner
> took the position that he made no confessions to the police. The evidence from
> the government was that the Petitioner made incriminating statements in the
> previous State prosecutions. These statements were presented on behalf of the
> government in the conspiracy trial. The Petitioner was determined to take the

witness stand and to explain to the jury that the officers were lying about his pervious statements. As is always the case, I made sure that he understood that he had the right to not present any testimony and/or evidence, but that the decision was ultimately his. Given his prior criminal record, I would have advised him not to take the witness stand and answer questions. The Petitioner, however, chose to testify in his own behalf and I helped to prepare him for both direct and cross-examination.

**Newman Affidavit,** *supra,* **¶ 4.** The Court concludes that Mr. Newman's response is compelling, accurate and correct and hereby adopts same as an appropriate answer to Petitioner's obvious false assertion.

Petitioner next lists a litany of 12 reasons he contends show ineffective assistance of counsel. Mr. Newman answers them as follows:

The Petitioner restates several of the aforementioned allegations and I will respond to the numerous allegations of his denial of effective assistance of counsel.

(1)     As stated previously in this affidavit, I did not identify any potential or actual conflict of interest concerning James Newborn;

(2)     I advised the Petitioner, as I do all clients, of his Constitutional Rights concerning testifying in a trial;

(3)     The decision to testify was solely the Petitioner's, and I did nothing to force him to take the witness stand on his behalf. If anything, my advice would have been for him to have not testified;

(4)     I did prepare and file a motion to suppress evidence concerning statements made by the Petitioner, but the Petitioner took the position that he never made any incriminating statements and that the police officers were lying about any confessions made in previous State prosecutions. As such, it was my position that it would have been a waste of everyone's time to hear a motion to suppress statements that were supposedly never made;

(5)     As trial counsel, I challenged all testimony that I felt would assist in the defense of my client, the Petitioner;

(6)     Again, the decision for the Petitioner to testify was his decision. I did not compel or tell the Petitioner to testify, nor did the United States Attorney force me to put the Petitioner on the witness stand;

(7)     I refer to my previous responses concerning James Newborn;

(8)     Again, I refer to my previous responses concerning any conflict of interest;

(9)    I spent a considerable amount of time preparing for the Petitioner's trial and I prepared the best defense possible on his behalf;

(10)   As trial counsel, I made opening statements, cross-examined witnesses and co-defendants, and made closing arguments in the trial;

(11)   Again, I prepared the Petitioner for both his direct and cross-examination;

(12)   I did not fail to advise the Petitioner of any "2255", because there were no grounds for any further court action under that provision of the law.

***Id.***, ¶ **5.**  These responses are clear, adequate and appropriately detail the lengths to which counsel went in an effort to provide outstanding representation in defending the Petitioner despite Petitioner's refusal to take the good advice given.  Therefore, the Petitioner's fifth ground for relief is denied.

Petitioner next refers once more to statements he allegedly made to officers in a state prosecution before *Miranda* warnings were given.  It appears that the presiding superior court judge admitted those statements in the state prosecution.  In any event, no objection was made before this Court at trial.  As noted by Mr. Newman, he "withdrew the motion to suppress evidence based on [the fact that] Petitioner told [him] and took the position at trial that he never made the incriminating statements claimed by the officers." ***Id.***, ¶ **6.**  The overwhelming evidence of Petitioner's guilt from the testimony of co-Defendants, as well as that of the officers concerning Petitioner's statements, support the denial of relief on this ground.

The Petitioner next contends that the drug amounts were excessive, that the witnesses changed their testimony on the witness stand, and that the informant was intoxicated when he gave his statement and was, therefore, unreliable.  In essence, the credibility of these witnesses

were considered by and answered against the Petitioner by the jury's verdict and does not now

entitled him to the relief sought.

Petitioner attacks the bill of indictment as defective and contends the evidence did not

support the jury's verdict. The Court has reviewed the bill of indictment and finds it to be

sufficient and correct. Viewing the evidence in the light most favorable to the Government, it is

clear that this contention is without merit. ***See, Pryor, supra.***

> Concerning the comments alleging a defective indictment, I always review the
> pleadings. In this case, I did not see any defect with respect to the charging
> documents. Moreover, the Petitioner claims that he was not aware of certain
> statements made by co-defendants regarding drug amounts. I always make sure
> that my clients are fully informed of the evidence possessed by the government. I
> made sure that the Petitioner knew what evidence the government had in its
> possession to present at trial against him.
>
> The Petitioner argues that the elements of conspiracy were not established at trial.
> On the Petitioner's behalf, I argued at trial that a conspiracy had not been proven
> concerning the Petitioner himself. As the Court knows, the jury disagreed and
> found the Petitioner guilty, along with the other co-defendants.

**Newman Affidavit, ¶¶ 7-8.** The essential elements of conspiracy to possess with intent to

distribute a controlled substance are: (1) the conspiracy described in the indictment, that is, an

agreement with others to violate the federal Controlled Substances Act, was wilfully formed and

existing at the time alleged in the bill of indictment; (2) the defendant knew of the conspiracy and

wilfully became a member thereof; and (3) the object of that conspiracy was to violate the federal

Controlled Substances Act by possession with intent to distribute a controlled substance. ***United***

***States v. Cropp***, 127 F.3d 354, 361 (4th Cir. 1997); ***United States v. Eustach***, 21 Fed. Appx.

150 (4th Cir. 2001), ***cert. denied***, 540 U.S. 977 (2003). The Government properly alleged the

offense and met its burden of proof.

For all the reasons noted above and others reviewed by the Court which were primarily repetitious of those previously described, Petitioner contends that Mr. Newman was ineffective in his representation. In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, **466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result would have been different. *Id.*, **at 688;** *Hill v. Lockhart*, **474 U.S. 52 (1985);** *Fields v. Attorney Gen. of Maryland*, **956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have been convicted).** If the defendant fails to make the first showing, there is no need to consider the second. *Strickland, supra.*

For the reasons discussed in detail *supra*, the Court concludes that Petitioner has failed to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" having so concluded, the Court will not address the second prong requirement. *Id.*

Finally, the Petitioner argues that his sentence is unconstitutional under the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2001), and its progeny, *Blakely v. Washington State*, 542 U.S. 296 (2004), and *Booker v. United States*, 125 S. Ct. 738 (2005).

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions that were final at the time it was decided. **United States v. Price, 400 F.3d 844 (10ᵗʰ Cir. 2005); Varela v. United States, 400 F.3d 864 (11ᵗʰ Cir. 2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9ᵗʰ Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Marshall, 117 Fed. Appx. 269, 270 (4ᵗʰ Cir. 2004).**

As for *Apprendi*, the Supreme Court there held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. However, the Fourth Circuit has held that *Apprendi* may not be applied retroactively to cases on collateral review. **San-Miguel v. Dove, 291 F.3d 257 (4ᵗʰ Cir. 2002).** Likewise, every circuit court which has addressed the issue of whether or not the ruling in *Booker* is retroactive to cases on collateral review has determined that it is not. **Green, supra; McReynolds v. United States, 397 F.3d 479, 481 (7ᵗʰ Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); In re Anderson, 396 F.3d 1336, 1339 (11ᵗʰ Cir. 2005).** Such is the case here.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. §

2255 is hereby **DENIED**.  A Judgment dismissing the petition is filed herewith.

**Signed: July 29, 2005**

Lacy H. Thornburg
United States District Judge