**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:04CV51**
**(1:01CR48-10)**

| | | |
|---|---|---|
| **DENNIS MERRIMON WATERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend judgment.

"There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" ***United States ex rel. Becker v. Westinghouse Savannah River Co.***, **305 F.3d 284, 290 (4th Cir. 2002), cert. denied, 538 U.S. 1012 (2003) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).**

> Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings."  Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. . . .  In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.

*Id.* **(quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (other quotations omitted).** "[A]n issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised; accordingly, such an issue is not preserved for appellate review unless the district court exercises its discretion to excuse the party's lack of timeliness and consider the issue." ***Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999).** Finally, "mere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." ***Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).**

Petitioner claims that the Court overlooked two issues raised in a supplemental pleading to support his motion pursuant to 28 U.S.C. § 2255. First, he claims that the Government failed to file the information required by 21 U.S.C. § 851, which provides, in pertinent part, "No person who stands convicted of a[] [drug] offense . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on . . . counsel for the person) stating in writing the previous convictions to be relied upon." On September 17, 2001, the United States Attorney filed an Information Pursuant to Title 21, U.S.C. § 851 with the Court and served a copy thereof on the Petitioner's attorney. A copy is attached to this Order. In that Information, each of the three prior felony drug convictions of which the Petitioner stood convicted were detailed as to time, place, conviction and court.

Petitioner also claims that the jury verdict was a general verdict which failed to specify the drug of which he was convicted. The superseding bill of indictment charged a conspiracy to possess with intent to distribute both cocaine and cocaine base. The verdict sheet contained interrogatories for the jury to address each drug separately and they found, unanimously, that the

conspiracy involved at least 5 kilograms of cocaine and at least 50 grams of cocaine base. A copy of the verdict sheet is also attached to this Order.

Finally, Petitioner claims the recent Supreme Court decision of *Dodd v. United States,* 125 U.S. 2478 (2005), forms a basis for relief. In that decision, the Supreme Court held that the one year period within which a prisoner must bring a motion pursuant to § 2255 based on a right newly recognized by the Supreme Court runs from the date the Supreme Court initially recognized the right asserted, not from the date on which the right was made retroactive by that Court. This case has no application to Petitioner because the cases on which he relies, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), have not been made retroactive to cases on collateral review, such as the Petitioner's motion pursuant to § 2255. **United States v. Fowler, 133 Fed. Appx. 922, 923 (4th Cir. 2005) ("[N]either *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005); San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002) (*Apprendi* not retroactive.).**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to Federal Rule of Civil Procedure 59(e) is hereby **DENIED**.

**Signed: August 23, 2005**

Lacy H. Thornburg
United States District Judge