**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CRIMINAL NO.  1:01CR48**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **DENNIS MERRIMON WATERS** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's motion

pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6) for relief from

Judgment.  The motion is denied.

## I.  PROCEDURAL HISTORY

In November 2001, Defendant was convicted after jury trial of

conspiring to possess with intent to distribute cocaine and crack cocaine in

violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced on

October 1, 2002, to life imprisonment.  His conviction and sentence were

affirmed by the Fourth Circuit on direct appeal; he did not seek review by

the Supreme Court*.  **United States v. Pryor,** 75 F. App'x 157 (4th Cir.

**2003).** On July 29, 2005, the Defendant's motion pursuant to 28 U.S.C. §

2255 was denied by the undersigned and his subsequent motion to amend

or correct the Court's Judgment was likewise denied on August 23, 2005.

Defendant appealed only the Court's denial of his motion to amend. The

Fourth Circuit dismissed the appeal, finding no reversible error by the

District Court.[1] *United States v. Waters*, 172 F. App'x 478 (4th Cir.), *cert.*

*denied*, 549 U.S. 969 (2006). Almost a year later, Defendant appealed the

denial of his § 2255 petition. Finding that he had failed to file a timely

notice of appeal or obtain an extension or reopening of the appeal period,

the Fourth Circuit dismissed the appeal. *United States v. Waters*, 213 F.

App'x 161, 163 (4th Cir. 2007).


## II. DISCUSSION

Defendant moves for relief pursuant to Rule 60(b) which provides in

pertinent part: "On motion and upon such terms as are just, the court may

relieve a party . . . from a final judgment . . . for . . . any . . . reason

---

[1] In a footnote, the Circuit also noted that since Defendant's sole claim
on this appeal was that the district court abused its discretion in denying
the motion to amend, Defendant had "waived appellate review of the
[district] court's underlying denial of his § 2255 motion." *Waters,* 172 F.
App'x 478, at * (citing 4th Cir. R. 34(b)).

justifying relief from the operation of the judgment." At issue, however, is whether this motion is actually one brought pursuant to Rule 60(b) or a second § 2255 motion.

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>> . . .
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>> . . .
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

*United States v. Winestock*, 340 F.3d 200, 204-05 (4th Cir.), *cert.*

*denied*, 540 U.S. 955 (2003) (citations and footnotes omitted). "The

ultimate question here is whether [Defendant's] motion for [relief] should

[be] treated as a successive collateral review application." *Id.* at 203.

As previously noted, Defendant has filed one motion pursuant to §
2255. Although styled as a Rule 60(b) motion, if this is, in reality, a motion
pursuant to § 2255, the undersigned has no jurisdiction to entertain it
unless it has been certified "by a panel of the appropriate court of
appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is actually a successive
petition, it must be presented in the first instance to the Fourth Circuit.
***Winestock*, *supra*, at 205 ("As a result of these modifications, a
prisoner seeking to file a successive application in the district court
must first obtain authorization from the appropriate court of
appeals.").**

"In the absence of pre-filing authorization, the district court lacks
jurisdiction to consider an application containing abusive or repetitive
claims." ***Winestock, supra.***

> [D]istrict courts *must* treat Rule 60(b) motions as successive
> collateral review applications when failing to do so would allow
> the applicant to evade the bar against relitigation of claims
> presented in a prior application or the bar against litigation of
> claims not presented in a prior application.
> . . .
> [This] holding raises the question of how to distinguish a proper
> Rule 60(b) motion from a "successive [application] in 60(b)'s
> clothing." There may be no infallible test for making this
> distinction, but a relatively straightforward guide is that a motion
> directly attacking the prisoner's conviction or sentence will
> usually amount to a successive application, while a motion

seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.*, at 206-07 (quoting *Lazo v. United States*, 314 F.3d 571, 573 (11th Cir. 2002)) (other internal citations and quotations omitted). Here, Defendant claims he was never properly indicted by the grand jury – clearly, this claim amounts to an attack on his conviction and, therefore, is more likely an attempt to file a successive application rather than seeking relief under Rule 60(b). Therefore, the motion to reconsider is denied.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6) is hereby **DENIED.**

Signed: May 18, 2009

Lacy H. Thornburg
United States District Judge