# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:01CR48

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| DENNIS MERRIMON WATERS ) | |

**THIS MATTER** is before the Court on Defendant's "Petition for Redress of Greivances (sic) under the United States Constitution, Amendment 1 Article 1," filed June 3, 2009. The motion is denied as frivolous.

In his "petition" the Defendant states that it "is not a second and successive 2255 petition. Please do not construe it as such." **Petition, at 1.** He alleges, as he has previously, that he is currently serving a life sentence "for a crime that he was never indicted for by a Federal Grand Jury." *Id*. As noted previously by this Court, it is hard to construe this allegation as anything other than an attack on his conviction and sentence and, therefore, an attempt to file a second or successive § 2255 motion.

*See* **Order, filed May 18, 2009, at 5 ("Defendant claims he was never properly indicted by the grand jury – clearly, this claim amounts to an attack on his conviction and, therefore, is more likely an attempt to file a successive application rather than seeking relief under Rule 60(b).").**

This Defendant has had the benefit of a direct appeal, a post-conviction review through a § 2255 motion, a motion to amend, an appeal of the denial of the motion to amend, and now, two attempts to file a successive § 2255 motion. Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. ***Demos v. Keating*, 33 Fed. Appx. 918 (10th Cir. 2002); *Tinker v. Hanks*, 255 F.3d 444, 445 (7th Cir. 2001); *In re Vincent*, 105 F.3d 943 (4th Cir. 1997).** The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. ***Vestal v. Clinton*, 106 F.3d 553 (4th Cir. 1997).** If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. ***Foley v. Fix*, 106 F.3d 556 (4th Cir. 1997); *In re Head*, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994).**

3

Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings.  **See, 28 U.S.C. §1651(a);** ***In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).**

**IT IS, THEREFORE, ORDERED** that the Defendant's "Petition for Redress" is hereby **DENIED**.

Signed: July 22, 2009

Lacy H. Thornburg
United States District Judge