# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:01-cr-00048-MR-10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| DENNIS MERRIMON WATERS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letters, which the Court construes as motions to reduce sentence pursuant to 18 U.S.C. § 3582. [Docs. 697, 698].

On November 15, 2001, the Defendant was found guilty by a jury of one count of conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base. Based on the Defendant's prior convictions for felony drug offenses [see Doc. 113], the Defendant was subjected to a mandatory minimum sentence of life imprisonment. See 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 851. The Defendant was sentenced to a term of life imprisonment on November 1, 2002. [Doc. 295]. The Fourth Circuit affirmed his conviction and sentence on October 14, 2003. [Doc. 320].

In 2007, the Defendant filed a motion pursuant to 18 U.S.C. § 3582, seeking a reduction of sentence in light of Amendment 706, otherwise known as the retroactive crack cocaine amendment. [Doc. 409]. The Court denied the Defendant's motion, noting that the Amendment did not affect the statutorily required mandatory minimum sentence of life imprisonment. [Doc. 504]. While the Defendant did not file formal motions upon the enactment of Amendments 750 and 782, the Federal Defenders reviewed his case and on both occasions determined that he was not eligible for a sentence reduction because he was subjected to a statutory mandatory minimum sentence. [Docs. 592, 692].

On August 3, 2016, the President commuted the Defendant's sentence to a term of 240 months' imprisonment, leaving intact and in effect the 10-year term of supervised release with all its conditions and other components of the sentence. Based upon the President's grant of clemency, the Defendant now returns to this Court seeking a reduction pursuant to § 3582 and Amendments 706, 750, and 782. [Docs. 697, 698].

The Defendant is not entitled to a sentence reduction. The President's commutation of the Defendant's mandatory life sentence effectively lowered

the mandatory minimum term imposed to 240 months.[1]  See United States v. Pillow, 191 F.3d 403407 (4th Cir. 1999) (stating that lowering of mandatory minimum sentence did not eliminate mandatory nature of sentence). Because the Defendant is still subject to a mandatory minimum term of imprisonment, he is not eligible for relief under § 3582.  Moreover, § 3582 allows the Court to modify a sentence based on a sentencing range that was "subsequently" lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  As the cited Amendments were already in effect by the time that the Defendant received the commutation of his sentence, he has already in effect received the benefit of those Amendments and therefore his request for relief under § 3582(c)(2) must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letters [Docs. 697, 698], which the Court construes as motions to reduce sentence pursuant to 18 U.S.C. § 3582, are **DENIED**.

**IT IS SO ORDERED.**

Signed: December 21, 2016

Martin Reidinger
United States District Judge

---

[1] The fact that the legislatively imposed mandatory minimum has been superseded by an executively imposed new minimum pursuant to an express Article II authority does not change this fact.

3